# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim. No. 1:21-cr-00029-LEW |
| | ) | |
| DONALD TURNER | ) | |

## AGREEMENT TO PLEAD GUILTY
## (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Darcie N. McElwee, United States Attorney for the District of Maine, and Raphaelle A. Silver, Assistant United States Attorney, and Donald Turner (hereinafter "Defendant"), acting for himself and through his counsel, Jamesa Drake, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. **Guilty Pleas.** Defendant agrees to plead guilty to the Indictment herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). The Indictment charges Defendant with bank robbery and possession of a firearm by a felon.

2. **Sentencing/Penalties.** Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable to the charges described above are as follows:

Count One:

  A. A maximum prison term of not more than 20 years;

  B. A maximum fine of $250,000;

  C. A mandatory special assessment of $100.00 for each count of conviction which Defendant agrees to pay at or before the time that he enters a guilty plea; and

D.  A term of supervised release of not more than three years. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to two additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

Count Two:

A.  A maximum prison term of life and a minimum prison term of 15 years;

B.  A maximum fine of $250,000;

C.  A mandatory special assessment of $100.00 for each count of conviction which Defendant agrees to pay at or before the time that he enters a guilty plea; and

D.  A term of supervised release of not more than five years. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to five additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

In addition to the other penalties provided by law, the Court may also order Defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

3. Agreements Regarding Sentencing. The parties agree to make the following non-binding recommendations as to sentencing:

A. The parties agree to recommend that the Court find that the Defendant has accepted responsibility for the offenses of conviction, and that the Court should reduce the Defendant's Adjusted Offense Level by three levels under U.S.S.G. § 3E1.1. The Government reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing, the Defendant: (a) fails to admit a complete factual basis for the pleas; (b) fails to truthfully admit his conduct in the offenses of conviction; (c) engages in conduct which results in an adjustment under U.S.S.G. § 3C 1.1; (d) falsely denies or frivolously contests relevant conduct for which the Defendant is accountable under U.S.S.G. § 1B1.3 or previous convictions that the defendant has sustained; or (e) engages in new criminal conduct.

2

The parties expressly agree and understand that should the Court reject the recommendations of the parties, the Defendant will not thereby be permitted to withdraw his pleas of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4. **Appeal Waivers.** Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

    A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

    B. A sentence of imprisonment that does not exceed 180 months.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

5. **New Criminal Conduct.** Defendant agrees that he will not commit any other federal or state crime.

6. **Consequences of Breach.** If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder, including its obligations to make any sentencing recommendations under Paragraph 3, and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

A. The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

B. Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

7. <u>Speedy Trial Waiver</u>. Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 6 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

8. <u>Forfeiture</u>. Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States, including but not limited to the following, one Titan model, .25 caliber pistol bearing serial number 157017.

9. **Validity of Other Agreements; Signature.** This Agreement supersedes any prior understandings, promises, or conditions between the United States and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 10/31/22

_____
Donald Turner, Defendant

I am legal counsel for Donald Turner. I have carefully reviewed every part of this Agreement with Donald Turner. To my knowledge, Donald Turner's decision to enter into this Agreement is an informed and voluntary one.

Date: 10/31/2022

_____
Jamesa Drake, Esquire
Attorney for Defendant

FOR THE UNITED STATES:          Darcie N. McElwee
                                United States Attorney

Date: 10/31/2022                Nicholas Heimbach, AUSA, on behalf of
                                Raphaelle A. Silver
                                Assistant U.S. Attorney

5



Approved: _____/s/ Joel B. Casey_____
Supervisory Assistant U.S. Attorney

Revised 4/11/2022